IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD A. HANSON, individually and derivatively on behalf of RERC, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 14 C 6051 ) |
| KENNETH P. RIGGS and REAL ESTATE RESEARCH CORP., a wholly owned subsidiary of Situs Holdings, LLC, | ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| RERC, LLC, a Delaware limited liability company, | ) ) ) |
| Nominal Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge.

This case, which one of the defendants removed from state court, is before the Court on a plaintiff Richard Hanson's motion to remand. For the reasons stated below, the Court grants Hanson's motion.

### Background

Hanson, who is a citizen of Illinois, filed this suit in the Circuit Court of Cook County, individually and derivatively on behalf of RERC, LLC. RERC, LLC is an limited liability company established by Hanson and defendant Kenneth Riggs, a citizen of Iowa. The agreement that formed RERC, LLC identifies as its members Hanson and

Real Estate Research Corporation. Hanson's complaint identifies Real Estate Research Corporation as an Illinois corporation that has been involuntarily dissolved, though defendants dispute that the proper defendant is an Illinois entity. Riggs was the chief executive officer and controlling shareholder of Real Estate Research Corporation.

In late 2011, Hanson alleges, he and Riggs formed RERC, LLC to expand Real Estate Research Corporation's real estate research, valuation, and consulting businesses. They agreed that RERC, LLC would acquire substantially all of the assets and some of the liabilities of Real Estate Research Corporation. To this end, Hanson and Riggs entered into five agreements: (a) a limited liability company agreement for RERC, LLC; (b) an asset contribution and sale agreement; (c) an interest grant agreement; (d) an employment agreement for Riggs; and (e) an employment agreement for Hanson. The first two of these agreements provided that Real Estate Research Corporation would transfer substantially all of its assets and certain liabilities to RERC, LLC in return for consideration. The interest grant agreement provided that RERC, LLC would issue membership (ownership) interests to Hanson. Under the employment agreements, Hanson was to become RERC, LLC's chief executive officer, and Riggs was to become its president and chairman of its board.

In his complaint, Hanson alleges that contrary to the limited liability company and asset contribution agreements, Riggs failed to cause Real Estate Research Corporation to transfer its assets to RERC, LLC. Instead, Hanson alleges, Real Estate Research Corporation's assets were later transferred to another entity called Situs Holdings, LLC.

As indicated above, in the complaint he filed in state court, Hanson filed suit both as an individual and derivatively on behalf of RERC, LLC. His derivative claims are, or

2

appear to be, counts 1 through 4 of his complaint, in which he seeks an award of damages or restitution on RERC, LLC's behalf for, among other things, Riggs's failure to contribute Real Estate Research Corporation's assets to the LLC. His individual claim is count 5, in which he alleges that under the interest grant agreement, he was supposed to be a one-half owner of RERC, LLC and thus is entitled to half the proceeds that Riggs received from Situs Holdings for the sale of Real Estate Research Corporation's assets. Hanson has named as defendants Riggs and Real Estate Research Corporation, which he describes as a subsidiary of Situs Holdings, LLC. He also names RERC, LLC as a "nominal" defendant.

Riggs timely removed the case to federal court based on diversity of citizenship. His removal notice, however, says next to nothing about the parties' citizenship. Rather, Riggs repeats Hanson's allegation that he (Hanson) is a "resident" of Cook County, Illinois and that Riggs is a "resident" of Iowa. Notice of Removal ¶¶ 4-5. But residence in a state does not necessarily mean citizenship in that state, and thus an allegation of residence alone is insufficient as an allegation of citizenship. *See, e.g., Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). With regard to RERC, LLC, Riggs's removal notice says only that it "is a Delaware limited liability company. RERC, LLC is not a resident of Illinois. RERC, LLC has no offices in Illinois." Notice of Removal ¶ 7. This tells us nothing about RERC, LLC's citizenship. Finally, with regard to Real Estate Research Corporation, Riggs says that it is "headquartered" in Texas— which the Court takes to mean Texas is its principal place of business—but he says nothing in the removal notice about its state of incorporation.

Some of this has gotten cleared up in the parties' submissions on Hanson's

motion to remand.  In his motion, Hanson contends that diversity of citizenship is lacking because he, the plaintiff, is an Illinois citizen, and Real Estate Research Corporation, a defendant, is an Illinois corporation.  Pl.'s Mot. to Remand at 3.  Hanson bases the latter contention on a term in the previously-referenced asset contribution and sale agreement in which Real Estate Research Corporation, via Riggs (who identified himself as its president), represented and warranted that it "is a corporation, duly incorporated, validly existing and in good standing under the laws of the State of Illinois."  Id. at 2 (quoting Compl., Ex. B § 3).  Hanson argues that Real Estate Research Corporation is a proper defendant because it is the entity that had, and allegedly breached, a contractual obligation to transfer its assets to RERC, LLC.  Id. at 3.

In response to the motion to remand, Riggs and Real Estate Research Corporation contend that the entity is not actually an Illinois corporation but rather is an Iowa corporation.  They have submitted two affidavits in support of this contention.  The first is from Riggs, who states that he is an Iowa citizen and that he was the president of the Real Estate Research Corporation that entered into the agreements at issue in this case.  Riggs Affid. ¶¶ 1-2.  That entity, Riggs says, was an Iowa corporation with its principal place of business in that same state.  It was dissolved, Riggs says, in January 2014.  Id. ¶ 5a-c.  The second affidavit is from an individual named Jules Marling.  Marling says that he was the president of an Illinois corporation called Real Estate Research Corporation that was dissolved in 2013.  Marling Affid. ¶ 2.  That entity, Marling says, was not the entity that entered into the contracts at issue in this case; the reference to an Illinois entity in the asset contribution and sale agreement, he says, is a mistake.  Id. ¶ 4d-f.  The Illinois entity of which he was the president, Marling says, was

4

named similarly to Riggs's corporation because it had a licensing agreement with that entity that permitted use of the Real Estate Research Corporation name. *Id.* ¶ 4g. Based on these affidavits, defendants argue, complete diversity exists, because Hanson is an Illinois citizen and Riggs and the Real Estate Research Corporation that entered into the agreements at issue are both Iowa citizens.

In his reply, Hanson argues that he is appropriately suing the Illinois-based Real Estate Research Corporation, given the representation and warranty in the asset contribution and sale agreement that the contracting party was an Illinois corporation. Hanson's primary argument, however, is made for the first time in his reply. He contends that diversity of citizenship is lacking because the citizenship of RERC, LLC must be considered and eliminates diversity, whether RERC, LLC is aligned as a plaintiff or as a defendant.

The Court is inclined to agree with defendants that if Riggs never owned an Illinois-based Real Estate Research Corporation, the fact that he referred to such an entity in one of the contracts is of no consequence. A party against which the plaintiff has "no chance of success" does not count in assessing diversity, *see Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992), and based on the materials before the Court that appears to be the case with regard to Real Estate Research Corporation (Illinois). Riggs, despite the representation in the contract, was not the owner of an Illinois-based entity with that name; *his* Real Estate Research Corporation was an Iowa-based entity. Based on that and Marling's affidavit, it does not appear that Hanson has any chance of success against Real Estate Research Corporation (Illinois), even if Riggs misrepresented that this was the entity who assets would be transferred to

5

RERC, LLC.

None of this matters, however, in light of the second issue belatedly raised by Hanson in his reply. For if RERC, LLC's citizenship must be considered, its presence in the case destroys diversity—because its members are the plaintiff (Hanson) and one of the defendants (Real Estate Research Corporation). Thus if RERC, LLC's citizenship is taken into account in the assessment of diversity jurisdiction, Hanson is entitled to remand of the case, and this is so irrespective of whether the Real Estate Research Corporation properly named is or was an Illinois corporation or an Iowa corporation.

In determining whether diversity of citizenship exists, the Court disregards nominal or format parties and considers only the citizenship of the real parties to the controversy. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). The main question is whether RERC, LLC is a real party in interest.

If any of Hanson's claims are legitimate derivative claims, then RERC, LLC is a real party in interest. *See Ross v. Bernhard*, 396 U.S. 531, 538 (1970) ("Although named a defendant, [the corporation in a derivative suit] is the real party in interest . . . ."). The LLC agreement establishing RERC, LLC says that it is organized under Delaware law, so the Court looks to the law of that state to determine whether and when a plaintiff may bring a derivative claim on the LLC's behalf. *See, e.g., Kroupa v. Garbus*, 583 F. Supp. 2d 949, 952 (N.D. Ill. 2008). Delaware law permits a member of an LLC (like Hanson) to bring a derivative action on the entity's behalf to recover a judgment in its favor if its managers have refused to bring the action or if an effort to cause them to do so is unlikely to succeed. *See id.*

The next question is whether Hanson's claims are actually derivative claims or

6

instead are individual claims brought on his own behalf on which RERC, LLC is not a necessary party. This, too, is governed by Delaware law. *See id.* (citing *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 645 (7th Cir. 2006); *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 382-83 (7th Cir. 1990)). The pertinent questions are who suffered the alleged harm and who would benefit from any recovery or other remedy. *See id.* (citing Delaware cases). Count 4 contains the clearest statement of the claims that Hanson contends are derivative. In that claim, Hanson alleges that Real Estate Research Corporation and Riggs breached their contractual obligation to use best efforts to cause the corporation to transfer substantially all of its assets to RERC, LLC. Compl. ¶ 52. Hanson further alleges that "RERC [, LLC] has been damaged" because the assets it was to acquire have been transferred to another entity, namely Situs Holdings, LLC. *Id.* ¶ 54. This breach of contract claim is plainly a derivative claim. Hanson was not a direct beneficiary of the contractual obligation to transfer Real Estate Research Corporation's assets, nor was he damaged directly. Rather, his damage was indirect, in the sense that he claims he was been deprived of any entitlement to a portion of RERC, LLC's profits and that the LLC was unable to pay him on his employment contract. *Id.* ¶¶ 53, 60 (Count 5). Any direct injury was to RERC, LLC, which did not receive Real Estate Research Corporation's assets. For these reasons, RERC, LLC is a real party in interest whose citizenship must be considered in assessing whether diversity exists.

     RERC, LLC is properly viewed as a defendant in this case. *See Smith v. Sperling*, 34 U.S. 91, 96-97 (1957) (court should align a corporation in a derivative suit according to the interests of the parties, based on the pleadings). Hanson alleges that a

7

demand to RERC, LLC to take action would be futile given Riggs's role as a fifty percent owner and the entity's board chairman. Compl. ¶¶ 31-33. Thus the LLC is properly considered as a defendant. *See Beck v. Dobrowski*, 559 F.3d 680, 687 (7th Cir. 2009) (entity whose management opposes derivative action is properly characterized as a defendant).

Whether RERC, LLC is aligned as a plaintiff or a defendant, however, consideration of its citizenship destroys diversity. The citizenship of a limited liability company is that of each of its members. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co.*, 364 F.3d 858, 861 (7th Cir. 2004); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). RERC, LLC's members were Real Estate Research Corporation, a defendant, and Hanson, the plaintiff. Thus whether RERC, LLC is considered as a plaintiff or as a defendant, it is effectively on both sides of the "v" from a citizenship standpoint. As a result, diversity of citizenship is lacking. This is so irrespective of whether the Real Estate Research Corporation that is properly sued is an Illinois entity, as Hanson contends, or an Iowa entity, as defendants contend.

## Conclusion

For the foregoing reasons, the Court grants plaintiffs' motion to remand [dkt. no. 15]. Defendant's motion to dismiss is terminated without prejudice as moot [dkt. no. 19]. This case is hereby remanded to the Circuit Court of Cook County.

                                                                              _____
                                                                              MATTHEW F. KENNELLY
                                                                              United States District Judge

Date: March 17, 2015

8