# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. HANSON, individually and derivatively on behalf of RERC, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 14 C 6051 |
| KENNETH P. RIGGS and REAL ESTATE RESEARCH CORP., a wholly owned subsidiary of Situs Holdings, LLC, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| RERC, LLC, a Delaware limited liability company, | ) ) ) | |
| Nominal Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Richard Hanson, individually and derivatively on behalf of RERC, LLC, sued Riggs and Real Estate Research Corporation in the Circuit Court of Cook County. Defendants removed the case to federal court based on purported diversity of citizenship. On March 17, 2015, the Court granted Hanson's motion to remand to state court, finding that complete diversity was lacking. Hanson has now moved under 28 U.S.C. § 1447(c) to assess defendants roughly $91,000 in attorney's fees and costs that Hanson claims he incurred in connection with the removal and remand. For the

reasons stated below, the Court denies the motion.

## Discussion

Under the federal removal statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Seventh Circuit has stated that qualified immunity doctrine provides the framework for this inquiry, and the court has articulated the following rule:

> [I]f, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.

*Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). In the qualified immunity context, "[a]lthough the plaintiff need not point to a case directly on point, existing precedent must have placed the statutory or constitutional question beyond debate." *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 915 (7th Cir. 2015) (internal quotation marks omitted).

In this case, the Court remanded after ruling that complete diversity of citizenship was lacking. Specifically, the Court concluded that RERC, LLC's citizenship had to be considered, and this destroyed diversity. *See Hanson v. Riggs*, No. 14 C 6051, 2015 WL 1281189, at *3–4 (N.D. Ill. Mar. 17, 2015). This basis for removal was not contained in Hanson's motion to remand. His attorneys stumbled across a district court case that revealed the legal basis for the Court's decision to remand *after* his motion for remand and defendants' response had been filed. *See* 4/7/2015 Tr. at 7 ("Mr. Flaxman:

. . . I was researching something for another case, and I came across a line of cases which included the [*Kroupa*] case, and the [*Kroupa*] case seemed to be dispositive. . . . As soon I found it, I raised it with the Court. THE COURT: You stumbled onto it."). This discovery occurred sometime around November 5, 2014 (the motion for remand was filed over a month earlier, on October 2), but Hanson's attorneys did not actually bring the relevant case law to the Court's attention until he filed his reply on the motion to remand on January 12, 2015. Although Hanson alluded to this argument in a November 5 filing related to discovery, he did not cite any cases or ask the Court to defer ruling on the pending discovery disputes pending an inquiry into subject-matter jurisdiction. *See* Dkt. No. 32 at ¶¶ 1, 3 n.1.

Once the Court became aware that the citizenship of RERC, LLC had to be considered if the complaint included derivative claims brought on behalf of that entity, it became clear that the parties were not diverse and the Court lacked jurisdiction. *See Hanson*, 2015 WL 1281189, at *3–4. But although the Court's decision was based on a relatively straightforward application of Delaware law (the LLC is organized under Delaware law) and federal precedent on subject-matter jurisdiction, there is no Seventh Circuit or Supreme Court case holding that when a party makes a derivative claim on behalf of an LLC, a court must assess the LLC's citizenship for jurisdictional purposes.[1]

---

[1] Hanson points to a Fourth Circuit decision in which the court considered the citizenship of an LLC in a derivative action filed on the LLC's behalf and found diversity lacking. *Gen. Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 120 (4th Cir. 2004). Hanson did not even cite this case in his briefing on the motion to remand, which tends to contradict his contention that the defendants should have been on notice of the authority. In any event, one out-of-circuit case does not show that the law was clearly established. *See Kikumura v. Turner*, 28 F.3d 592, 596 (7th Cir. 1994) ("[W]e do not think we can declare a matter 'clearly established' based on the existence of one case from another circuit.").

Instead, the Court relied on appellate decisions involving corporations and district court decisions applying that analysis to LLCs. *See Kroupa v. Garbus*, 583 F. Supp. 2d 949, 952–53 (N.D. Ill. 2008); *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 382–83 (7th Cir. 1990). Although the result was self-evident based on these cases, the governing law cannot be described as clearly established, given the relative absence of authority on the issue. *See Lott*, 492 F.3d at 793 ("District court decisions . . . do not render the law clearly established."); *Kroupa*, 583 F. Supp. 2d at 954 ("Given the relatively sparse amount of case law addressing limited liability company derivative claims and the validity of those claims for determining diversity jurisdiction, the Court concludes that Garbus' removal was not objectively unreasonable. Accordingly, an award of costs and fees is not warranted.").

Moreover, defendants had a colorable argument that RERC, LLC was only a nominal party based on the facts alleged in the complaint, in which case its citizenship would not matter for jurisdiction. *See Gamrex, Inc. v. Schultz*, No. CIV. 10-00380 JMS, 2010 WL 3943910, at *8 (D. Haw. Sept. 9, 2010), *adopted by* 2010 WL 3941344 (D. Haw. Sept. 28, 2010) ("The propriety of removal turns on whether Kona Vistas' citizenship would be considered or disregarded. Although Defendants did not ultimately prevail on their argument that Kona Vistas is a nominal defendant and not indispensable, under such theories, §§ 1441 and 1332 provided them with a basis for removing the action."). It was not objectively unreasonable for defendants to file a notice of removal, even though they ultimately lost.

Even if Hanson could show that defendants acted unreasonably, "district courts retain discretion to consider whether unusual circumstances warrant a departure from

4

the rule in a given case." *Martin*, 546 U.S. at 141.  As an example, "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id.*  Here, Hanson's attorneys failed to cite relevant case law and in doing so prolonged the federal litigation.  As the Court said to Hanson's attorney on April 7, 2015, "If you had said in your opening brief, part of this is a derivative claim; you, therefore, have to consider the citizenship of the entity . . . [t]here wouldn't have been any briefs.  I would have made them respond right then, and I probably would have remanded the case on the spot."  4/7/2015 Tr. at 4–5.  Because Hanson delayed bringing relevant authority to the Court's attention, the Court was forced to expend judicial resources resolving significant discovery disputes, even though counsel had information that indicated the Court actually lacked jurisdiction.

Hanson argues that the defendants are also to blame and should have immediately conceded remand in November 2014.  The purpose of the fee-shifting provision is to "reduce[ ] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin*, 546 U.S. at 140.  Even if the defendants should have done more research before removing the case, the fee-shifting provision should not be applied to reward a party that engages in practices that "prolong[ ] litigation and impos[e] costs on the opposing party." *Id.*  In *Micrometl Corp. v. Tranzact Technologies, Inc.*, 656 F.3d 467 (7th Cir. 2011), the Seventh Circuit affirmed the denial of fees requested by a defendant who, after removing the case, alerted the district court to a jurisdictional defect.  The defendant complained that the plaintiff "knew that the amount in controversy could not satisfy § 1332(a)" from the outset and "should have opposed removal or alerted the district court that jurisdiction was lacking." *Id.* at 471.

Although the district court found the plaintiff's conduct problematic, "the court was equally troubled by [defendant's] ten-month delay in alerting it to the problem with subject-matter jurisdiction once [defendant] had the relevant facts in hand." *Id.* The Seventh Circuit affirmed the district court's conclusion that the defendant's "delay in seeking remand undercut its entitlement to fees and costs under § 1447(c)." *Id.* Although in that case the defendant rather than the plaintiff was denied fees due to its delay, the same rationale applies in this case. Hanson failed to make adequate inquiry after defendants removed the case, which "impose[d] significant costs on the other party and squander[ed] judicial resources." *Id.* at 472. The fee-shifting provision in section 1447(c) should not be applied in a manner that rewards Hanson's attorneys for their failure to conduct adequate research.

## Conclusion

For the foregoing reasons, the Court denies the plaintiff's motion for fees and costs [dkt. no. 46].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 24, 2015

6